604

**In re Leroy WILLIAMS, Debtor.**

**No. 12 B 04730.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 11, 2012.

Martin A. Lear, Law Offices of Ernesto Borges, Chicago, IL, for Debtors.

David L. Hazan, Diver, Grach, Quade & Masini, Waukegan, IL, for Deutsche Bank.

**Memorandum of Decision**

EUGENE R. WEDOFF, Bankruptcy Judge.

This Chapter 13 bankruptcy case is before the court on the debtor's motion to

enforce the automatic stay. The debtor guaranteed the debt of a corporation that he owned, and, as guarantor, he has a right under § 9–601 of the Uniform Commercial Code (the "UCC") to redeem the corporation's property securing the debt. The debtor contends that by taking action to repossess and sell the property, the creditor violated the automatic stay in the debtor's bankruptcy case. As discussed below, although the debtor's bankruptcy estate includes his right to redeem under § 9–601, the property subject to redemption is not itself part of the debtor's bankruptcy estate, and so the creditor's action to repossess and sell the property does not violate the automatic stay. The debtor's motion will therefore be denied.

## Jurisdiction

Under 28 U.S.C. § 1334(a) (2006), the federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code"), 28 U.S.C. § 1334(a), but the district courts may refer these cases to the bankruptcy judges for their districts, 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases. N.D. Ill. Internal Operating Procedure 15(a).

■ A bankruptcy judge to whom a case has been referred may enter final judgment on any "core proceedings" arising under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). The automatic stay in bankruptcy cases arises under § 362(a) of the Code, and its enforcement arises under §§ 105(a) and 362(k). The debtor's motion for enforcement of the automatic stay therefore gives rise to a core proceeding, which the bankruptcy court may finally adjudicate. *See In re Death Row Records, Inc.*, No. CC–11–1186–HPePa, 2012 WL 952292, at *11 (9th Cir. BAP Mar. 21, 2012) ("A determination of whether there

has been a stay violation is … a core proceeding.").

## Background

The parties do not dispute any of the relevant facts. The debtor in this Chapter 13 case, Leroy Williams, owns Spirit Tours, Inc. ("Spirit"), an Illinois corporation that uses busses in its business. In 2008, Spirit borrowed $550,000 from Fifth Third Bank and gave the bank a security interest in three of its busses to secure the debt. Spirit holds title to the busses and has been in possession of them at all relevant times. Williams filed his bankruptcy petition in February 2012.

Spirit defaulted on its obligations under the note and the Bank filed a complaint in detinue in the Circuit Court of Cook County, Illinois in March 2012. The Circuit Court entered a judgment in favor of the Bank on April 24, 2012, which, among other things, directed Spirit to turn the busses over to the Bank. Spirit remains in possession of the busses.

Williams filed his motion to enforce the automatic stay in May 2012, arguing that Illinois law provides him with a right to redeem the busses, that his right of redemption is property of his bankruptcy estate, and that the Bank's attempt to enforce the April order of the Illinois state court violates the automatic stay in his case. The motion has been fully briefed.

## Conclusions of Law

Part 6 of Article 9 of the UCC, adopted by Illinois, applies to the security interest that Fifth Third holds in the busses owned by Spirit. *See* 810 ILCS 5/9–601 to 628 (2010). Section 623(a) of Article 9 the UCC provides that a secondary obligor—such as a guarantor—has a right to redeem collateral owned by the principal obligor. 810 ILCS 5/9–623(a). This right to redemption may be exercised at any time

before the secured creditor disposes of the collateral, but the secondary obligor must satisfy all of the outstanding obligations secured by the collateral, including expenses and attorneys' fees. 810 ILCS 5/9–623(b) to (c).

With one exception, the Bankruptcy Code does not expand the right to redemption as defined by state law. The only change that the Bankruptcy Code makes is to extend the deadline for redemption, if it would otherwise expire earlier, to the date 60 days after the order for relief, entered on the filing of a voluntary bankruptcy case. 11 U.S.C. §§ 108(b)(2), 301(b). Since the right to redemption is not otherwise affected, the debtor must exercise that right as defined by state law, with the bankruptcy extension, or the right is lost and the creditor may proceed with action against the collateral.

The filing of a bankruptcy petition imposes an automatic stay, barring creditors from, among other things, taking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Williams asserts that Fifth Third's effort to repossess and sell Spirit's busses violates this provision of the automatic stay by exercising control over property of his estate.

■ Section 541(a) of the Bankruptcy Code defines property of the bankruptcy estate broadly, including all tangible and intangible property interests of the debtor, *United States v. Whiting Pools*, 462 U.S. 198, 204–05, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and these interests are generally determined by state law, *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Accordingly, a statutory right to redeem under state law, such as Williams' redemption right under § 5/9–623, is estate property. *Tidewater Fin. Co. v. Moffett (In re Moffett)*, 356 F.3d 518, 522 (4th Cir.2004); *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1284 (11th Cir.1998).

■ The right to redeem, however, is distinct from the right to own and possess the collateral subject to redemption. Thus, in *Lewis*, the Eleventh Circuit found that the debtor's right of redemption did not transform redeemable collateral into estate property. *Lewis*, 137 F.3d at 1285. Williams' right of redemption similarly does not provide him with the right to possess or own his corporation's busses.

Accordingly, the bank's repossession efforts do not violate § 362. These efforts are directed against property of Spirit, not property of Williams, and these efforts do not involve any attempt to control Williams' right of redemption. Although more than 60 days have passed since the filing of the bankruptcy, so that the bank can properly dispose of the busses without denying Williams the extended time for redemption, Williams retains his state law right to redeem the busses before the bank actually disposes of them, by paying the full amount of the underlying indebtedness.[1]

There appears to be one decision, *In re Brittain*, 435 B.R. 318 (Bankr.D.S.C.2010), with dicta that disagrees with the conclusion reached here, but this dicta is not persuasive. *Brittain* suggests that a guarantor may "assert a right of redemption as property of the estate, seek turn-over to

---

1. Although Williams does not raise the issue, Chapter 13 also imposes a co-debtor stay, applicable to collection actions directed against an "individual" who is jointly liable with the debtor on a "consumer debt." 11 U.S.C. § 1301. Spirit is a corporation rather than an "individual" and the debt here is a business rather than a consumer debt, so the co-debtor stay is inapplicable.

obtain personal possession of the applicable collateral, and provide for the exercise of the right of redemption through a Chapter 13 plan." *Id.* at 325. This statement is dicta because the court found that the debtors failed to seek redemption properly, so the court did not actually implement either turnover or redemption through plan payments. *Id.* at 326.

This dicta is unpersuasive for two reasons. First, the Bankruptcy Code requires turnover only of estate property, 11 U.S.C. § 542, and *Brittain* recognizes that collateral does not become estate property simply because it is subject to redemption, 435 B.R. at 325–26. Second, state law governs the manner of redemption, and § 9–623 of the UCC requires full payment of the underlying debt, rather than allowing periodic redemption payments through a Chapter 13 plan.

### Conclusion

Because the Bank's actions to acquire and dispose of the collateral owned by a non-debtor do not violate the automatic stay in the debtor's bankruptcy case, the debtor's motion to enforce the automatic stay will be denied. A separate order to that effect will be entered.